UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH K. SPOONER,<br><br>                              Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF CORRECTIONS, et al.,<br><br>                              Defendants. | 1:25-CV-0365 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated January 17, 2025, the Court directed Plaintiff, within 30 days, to submit a completed request to proceed *in forma pauperis* ("IFP" or "IFP application") and prisoner authorization or pay the $405 in fees required to file a civil action in this court. (ECF 3.) That order specified that failure to comply would result in dismissal of this action.[1] (*Id.* at 2.) On February 6, 2025, the court received from Plaintiff, who was then still a prisoner held in the Rose M. Singer Center on Rikers Island, an IFP application that is signed but not completed and an attached letter from her indicating that she was to be released on March 3, 2025, and requesting that "money [not be taken] out of [her] prison account." (ECF 4.) Plaintiff did not, however, within the time allowed in the Court's January 17, 2025 order – which was while she was still a

---

[1] Plaintiff's complaint has attached to it an IFP application and prisoner authorization that are appropriate for state-court litigation (ECF 1-1, at 1-6), not litigation in this federal district court.

prisoner – pay the $405 in fees to bring this action or file a prisoner authorization for this court.[2] Accordingly, the Court dismisses this action without prejudice.[3] *See* 28 U.S.C. §§ 1914, 1915.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[2] As noted in the Court's January 17, 2025 order, under the Prisoner Litigation Reform Act ("PLRA"), if the court grants a prisoner IFP status, the court must collect the $350 filing fee in installments deducted from that prisoner's prison trust fund account. *See* 28 U.S.C. § 1915(b)(1), (2). To allow that to happen, a prisoner seeking to proceed IFP must authorize the court to withdraw such payments from her prison trust fund account by filing a prisoner authorization, which directs the prisoner's custodian to deduct the filing fee from the prisoner's prison trust fund account in installments and to send to the court certified copies of the prisoner's prison trust fund account statements for the past six months. *See* § 1915(a)(2), (b); *Leonard v. Lacy*, 88 F.3d 181 (2d Cir. 1996). Plaintiff had 30 days from the date of the Court's January 17, 2025 order, that is, until approximately February 16, 2025, to pay the $405 in fees to bring this action or submit an IFP application and prisoner authorization. According to the "person in custody lookup service" search engine within the New York City Department of Correction's website, https://a073-ils-web.nyc.gov/inmatelookup/ pages/detail /body.jsf, Plaintiff was released from custody on March 1, 2025. Thus, during the entire 30-day period granted by the Court in its January 17, 2025 order, Plaintiff was a prisoner subject to the PLRA's IFP filing-fee payment procedure, which required her to submit a prisoner authorization, *see Leonard*, 88 F.3d 181, so that the filing fee could be deducted in installments from her then-existing prison trust fund account, *see* § 1915(b)(1), (2); *cf. McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2d Cir. 1996) (holding, in the context of an appeal in which a prisoner informed the Court of Appeals *during the 30-day period in which that court had granted him an opportunity to file a prisoner authorization to cure that filing deficiency* that he had been released, that "the PLRA . . . [is] construed to mean that the required partial fee payments are to be made only while the prisoner remains in prison, and that, upon his release, his obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for [IFP] status").

[3] This action is dismissed without prejudice to Plaintiff's refiling this action and again seeking leave to proceed IFP. If Plaintiff is granted IFP status in the refiled action, she will not be required to pay the filing fee from a prison trust fund account in installments because, as she is not now incarcerated, "there is no prison account from which to calculate and debit the required payments." *See McGann*, 96 F.3d at 29-30.

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated: April 1, 2025
        New York, New York

                                          /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge